HEARD NOVEMBER TERM, 1877.

## WILLIAMS *vs.* KIBLER.

An independent action cannot be maintained by the assignee of a bankrupt to set aside a report of sales and an order confirming the same made in a foreclosure suit against the bankrupt previous to his bankruptcy. The assignee's remedy, if he had any, was to intervene in the foreclosure suit.

BEFORE MACKEY, J., AT LANCASTER, MAY TERM, 1875.

This was an action by David A. Williams, assignee in bankruptcy of James D. McIlwaine, against Andrew J. Kibler.

James D. McIlwaine had given a mortgage of land in 1866 to the defendant, which was foreclosed by a decree of Court in 1867. The land was sold by the Commissioner under the decree, and the defendant was the purchaser. McIlwaine was afterwards adjudged a bankrupt and the plaintiff was appointed his assignee.

The object of this action was to set aside the report of the sale under the decree of foreclosure by the Commissioner of the Court, and the order confirming the same, on certain alleged grounds of irregularity in the sale and fraud.

His Honor the Circuit Judge made a decree setting aside the report of the sale in the foreclosure suit and the order confirming the same.

The defendant appealed.

*Moore,* for appellant.

*DePass & Clyburn,* contra.

March 1, 1878. The opinion of the Court was delivered by

WILLARD, C. J. The defendant Kibler foreclosed a mortgage made by J. D. McIlwaine, making McIlwaine a party, and obtained a decree of foreclosure, under which a tract of land, including that claimed by the plaintiff, is alleged by the report of sale to have been sold. The sale was confirmed. Now the plaintiff, as the assignee in bankruptcy of McIlwaine, brings suit to falsify and set aside the report of sale and order of confirmation, alleging that in fact twenty acres of said tract were reserved on such sale to the mortgagor, McIlwaine, as a homestead, under military orders, which he claims as assignee of McIlwaine, and asking that the sale be set aside.

The Circuit Court decreed accordingly. The decree is clearly erroneous. If the sale was improperly reported and confirmed, the plaintiff, as the assignee of McIlwaine, bound by the order of confirmation, should have intervened in the foreclosure suit and sought to set that order aside. We cannot in an independent action question the order of confirmation, which can be attacked only in a direct proceeding and not collaterally. It is an estoppel that cannot be overcome in this action.

The judgment must be set aside and the complaint dismissed.

An appeal was also taken from an order made for the purpose of carrying into effect the judgment first set aside. It follows that such order must be vacated with the judgment on which it was based.

*McIver,* A. J., and *Haskell,* A. J., concurred.